**Sulaiman Law Group, Ltd.**
Alexander J. Taylor, Esq.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MARITZA A. CASTILLO,

Plaintiff,

v.

PREMIER AUTO CREDIT,

Defendant.

**Case No. 3:22-cv-05005**

**COMPLAINT FOR DAMAGES**

1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*,**
2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ,***
3. **VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT (THE "CIPA"), CAL. PEN. CODE §630 *ET SEQ.***

**JURY TRIAL DEMANDED**

**NOW COMES** MARITZA A. CASTILLO, ("Plaintiff") through undersigned counsel, complaining of PREMIER AUTO CREDIT, ("Defendant" or "Premier") as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for Premier Auto Credit's violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 et seq., the Rosenthal Fair Debt

Collection Practices Act (the "RFDCPA"), Cal. Civ. Code §1788 et seq., and the California Invasion of Privacy Act (the "CIPA"), Cal. Pen. Code §630 et seq.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District, Defendant conduct business in the Northern District of California and maintains significant business contacts in the Northern District of California.

**PARTIES**

4. MARITZA A. CASTILLO is a natural person, over 18-years-of-age, who at all times relevant resided in Oakland, California.

5. PREMIER AUTO CREDIT is "the fastest growing Alternative Financing Lender in California" with its principal place of business located in Van Nuys, California.

**FACTUAL ALLEGATIONS**

6. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0920.

7. At all times relevant, Plaintiff's number ending in 0920 was assigned to a cellular telephone service as specified by 47 U.S.C. §227(b)(1)(A)(iii).

8. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

9. Prior to the events giving rise to this cause of action, Plaintiff and her then-partner purchased a vehicle and financed it through Defendant.

10. Unfortunately, Plaintiff and her partner parted ways, and her ex-partner took the vehicle.

11. In exchange for keeping the vehicle, Plaintiff's ex-partner stated that she would continue to make the payments on the vehicle.

12. In or around November 2021, the ex-partner fell behind on her payments to Defendant, amassing a past-due balance ("subject debt").

13. Shortly thereafter, Premier began placing collection calls to Plaintiff's cellular phone attempting to collect on the subject debt.

14. Plaintiff contacted her ex-partner to determine a plan to pay off the subject debt.

15. On February 1, 2022, Plaintiff received a call from her ex-partner stating that she wanted to make a payment but did not want to speak to the representatives at Premier because they were extremely rude to her.

16. Plaintiff attempted to make her payment online but was surprised that her online payment privileges had been revoked.

17. On February 1, 2022, Plaintiff placed a phone call to Premier in an attempt to make a partial payment on the past-due balance.

18. During this call, Plaintiff advised that she wanted to make a partial payment; Defendant's representative then transferred her to another person so that she could do so.

19. The second representative started asking Plaintiff questions regarding her financial situation and then asked how much of a payment Plaintiff wished to make.

20. Plaintiff advised that she would like to make a $300 payment now and would pay the remaining balance at a later date.

21. The representative stated that $300 was not enough and started ranting at Plaintiff.

22. Plaintiff then stated that she understood the nature of his work but requested that he not speak to her in this manner.

23. The representative advised Plaintiff that she would need to make the payment through MoneyGram and put Plaintiff on hold.

24. During this hold, Plaintiff received a text message with a link to MoneyGram asking for an amount of approximately $2,200.

25. When the representative returned to the call, Plaintiff heard a message stating, "This recording has ended," at which time the representative became more aggressive.

26. The representative then attacked Plaintiff, using demeaning language and a defamatory slur when speaking of her and her ex-partner.

27. A few days after this heated exchanged, Plaintiff was still receiving collection calls from Premier.

28. At that time, Plaintiff requested that Defendant cease its harassing collection calls to her cellular telephone.

29. Unfortunately, Defendant continued to place collection calls to Plaintiff.

30. When Plaintiff did not answer, Defendant would leave her voicemails, which included a prerecorded message.

31. These prerecorded messages were all 27 seconds in length and stated the same message:

> [In first female voice] *Trying to reach* [in second female voice] *Maritza Castillo.* [In first female voice] *This is just a reminder. Please press "1" to speak with an agent or call us back at 818-881-1234 during our business hours…"*

32. Notwithstanding Plaintiff's request that Defendant's calls cease, Defendant placed or caused to be placed at least 25 calls to Plaintiff without Plaintiff's prior consent.

33. Additionally, Defendant left no less than 14 voicemails on Plaintiff's cellular telephone in which Defendant used an artificial or prerecorded message.

34. Defendant has used phone numbers to place collection calls to Plaintiff's phone number, including but not limited to (619) 877-8272, (818) 572-0454, (213) 786-1070, (725) 218-

3264, (602) 609-3436, (909) 906-0966, (909) 719-0465, (818) 933-4978, and (408) 889-6039.

## DAMAGES

35. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life, business, and general well-being.

36. Defendant's phone harassment campaign has caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

37. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's telephone such that Plaintiff was unable to receive other phone calls.

38. Concerned with the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

39. Plaintiff attempted to file an action with the American Arbitration Association ("AAA"), however the AAA closed the file as Defendant was not in good standing.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff restates and realleges all previous paragraphs of this Demand as though fully set forth herein.

41. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

42. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

43. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

44. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 25 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

45. Further, Defendant left no less than 14 voicemails on Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

46. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

47. As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call shortly after February 1, 2022.

48. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

49. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

50. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

51. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

52. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

53. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, MARITZA A. CASTILLO, respectfully requests the following relief:

a. A finding that Defendant violated 47 U.S.C. §227 *et seq.*;

b. An order enjoining Defendant from placing further violating calls to Plaintiff;

c. An award of statutory damages of at least $500.00 for each and every violation;

d. An award of treble damages of up to $1,500.00 for each and every violation; and

e. An award of such other relief as is deemed just and proper.

**COUNT II - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (Cal. Civ. Code §1788)**

54. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

55. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

56. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) because it regularly engages in debt collection in its ordinary course of business.

57. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section

1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. Cal. Civ. Code §1788.17

58. Defendant violated 15 U.S.C. §§1692c(a)(1) and d(5) as stated below.

59. As pled above, Plaintiff was harmed by Defendant's behavior.

60. Pursuant to Cal. Civ. Code §1788.17, by violating §§1692c(a)(1) and d(5) of the FDCPA, Defendant also violated the RFDCPA.

**a. Violations of FDCPA § 1692c**

61. Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

62. Premier violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop during a collection call shortly after February 1, 2022.

63. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after she demanded that Premier cease contacting her was harassing and abusive.

**b. Violations of FDCPA § 1692d**

64. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

65. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

66. Premier violated §1692d by continuing to place collection calls after Plaintiff demanded that the calls cease.

67. Premier violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly in an attempt to engage Plaintiff in a conversation with the intent to annoy, abuse, or harass Plaintiff.

68. Premier's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

69. Premier's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Premier that she no longer wished to be contacted on her cellular phone.

**WHEREFORE**, Plaintiff, MARITZA A. CASTILLO, respectfully requests the following relief:

a. A finding that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

b. An award of actual damages;

c. An award of statutory damages; and

d. An award of Plaintiff's reasonable attorney's fees and costs; and

e. An award of such other relief as is deemed just and proper.

**COUNT III – VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT (CAL. PEN. CODE §630)**

70. Plaintiff restates all previous paragraphs of this Demand as though fully set forth herein.

71. Cal. Pen. Code §632.7(a) states:

> Every person who, without the consent of all parties to a communication, intercepts or received and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500). . .If a person has been convicted previously of a violation of this section or of Section 632, 632, 632.5, 632.6, or 636, the person shall be punished by a fine bot exceeding ten thousand dollars ($10,000). . .

Cal Pen. Code §632.7(a).

72. Premier violated Cal. Pen. Code §632.7(a) by failing to inform Plaintiff that it was recording the phone calls that it placed to Plaintiff.

73. Specifically, on the call that Plaintiff placed to Premier on February 1, 2022, she distinctly heard a voice state, “This recording has ended.”

74. This statement clearly implies that the call was being recorded, of which Plaintiff was not informed and lead Plaintiff to wonder whether other conversations had been recorded with her consent.

75. Cal. Pen. Code §632 can be enforced according to Cal. Pen. Code §637.2, which states:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
> (1) Five thousand dollars ($5,000) per violation.
> (2) Three times the amount of actual damages, if any, sustained by the Plaintiff.
> …
> (c) It is not a necessary prerequisite to an action pursuant to this section that the Plaintiff has suffered, or be threatened with, actual damages.

**WHEREFORE**, Plaintiff, MARITZA A. CASTILLO, respectfully requests the following relief:

a. A finding that Premier’s conduct violated CIPA;

b. An award of statutory damages of $5,000 per violation as allowed by Cal. Pen. Code §637.2(a); and

c. An award of three times the amount of actual damages as sustained by Plaintiff; and

d. An award of such other relief as is deemed just and proper.

**Plaintiff demands trial by jury.**

Date: September 1, 2022

Respectfully submitted,

_/s/ Alexander J. Taylor_
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-81801
ataylor@sulaimanlaw.com